UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH CHARLEMAGNE
JUNIOR ARICY,

Petitioner,

v. Case No.: 2:26-cv-02409-SPC-NPM

TODD LYONS *et al.*,

Respondents,
_________________________________/

**OPINION AND ORDER**

Before the Court are Joseph Charlemagne Junior Aricy's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 4).

Aricy is a native and citizen of Haiti who lawfully entered the United States under the Haitian Humanitarian Parole program in December 2023, with admission approved until December 6, 2025. He timely filed an asylum application with U.S. Citizenship and Immigration Services and received work authorization. He has no criminal history. On May 9, 2026, local police arrested Aricy during a traffic stop, and Immigration and Customs Enforcement (ICE) issued an immigration detainer. On May 13, 2026, ICE took custody of Aricy and issued a notice to appear, charging him as an arriving alien who lacks a valid entry document. On July 1, 2026, an immigration judge

found he lacked jurisdiction to consider Aricy's request for release on bond because the government classified him as an arriving alien.

In his habeas petition, Aricy argues his continued detention without process violates the Fifth Amendment. In response, the government certifies it is detaining Aricy under the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A). As the government acknowledges, its position is inconsistent with *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026). Aricy is not subject to mandatory detention. "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez*, 175 F.4th at 1276.

The government's refusal to afford Aricy the process due under § 1226 violates the Fifth Amendment. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands."

*Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Aricy's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Second, the risk of erroneous deprivation of that interest is substantial here. Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). Because ICE classified Aricy as an "arriving alien," the immigration judge found he had no authority to consider ordering Aricy's release, regardless of the circumstances. Without some consideration of the facts, there is nothing to ensure immigration detention serves its statutory purposes and is used in accordance with the Constitution and the laws enacted by Congress.

Third, the government has not established any legitimate interest in Aricy's continued detention. Immigration detention has two statutory goals: to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community. *Zadvydas*, 533 U.S. at 690. Aricy's detention serves neither purpose. He has actively engaged with federal government to lawfully enter the country, apply for asylum, and obtain and maintain work authorization, and he has no criminal history. The record is devoid of any evidence suggesting Aricy is a flight risk or poses a danger to the community.

For these reasons, the Court finds that ICE violated Aricy's Fifth Amendment rights by detaining him without due process.

Accordingly, it is hereby

**ORDERED**:

Joseph Charlemagne Junior Aricy's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Aricy and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on September 9, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record